UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | NO. 3:02CR256 (CFD)<br>3:02CR257 (CFD) |
| CURTIS MAYO | : | JANUARY 12, 2006 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF RESENTENCING**

On September 22, 2005, the Second Circuit remanded the defendant, Curtis Mayo's, appeal and directed this court to determine whether Mr. Mayo should be resentenced in light of the recent decisions in United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Crosby 397 F3d 103 (2d Cir. 2005). Essentially, the court remanded to this court for a determination, whether in light of those decisions, this court would have imposed a materially different sentence if it had understood that the Guidelines were not mandatory and if the criteria which this court should consider is set forth in 18 U. S. C. §3553(a). The defendant desires to be resentenced.

At the time of sentencing, the defendant sought a downward departure based upon his community service, his extraordinary employment record , his exceptional drug rehabilitation, and his abysmal childhood. The court simply exercised its discretion not to depart downward and imposed a guideline sentence of 168 months, the low end of the range. Because of the mandatory minimum sentence of ten years under the count charging the defendant with Conspiracy to Possess Cocaine Base

with Intent to Sell, this court could not then, nor now, have imposed a sentence less than the statutory minimum.   The defendant, therefore, seeks a finding by this court that had the guidelines not been mandatory and it had weighed the factors set forth in §3553(a), it would have imposed a non-trivially different sentence and to sentence the defendant to the statutory minimum of ten years.  <u>Crosby</u> supra at 118.  <u>United States v. Fuller</u> (2d Cir., Dkt. 04-4595 at 8).  The very arguments for a downward departure, rejected by this court at the time of sentencing, which justify the court imposing a non-trivially different sentence pursuant to 18 U.S.C. §3553(a).

     This court may recall that at sentencing on July 28, 2003, the defendant presented a letter from a youth basketball league in which Mr. Mayo had been a coach for two years.  The letter was from the league commissioner, Shawn Bell, and described how Mr. Mayo had been named Coach of the Year and subsequently had written a letter to Mr. Bell thanking him for giving him the opportunity to give back something to the community.  There was evidence at sentencing through various sources that the defendant had worked at Krispy Kreme on the Berlin Turnpike.  The court knew that Mr. Mayo had no driver's license and to get to Krispy Kreme in Newington each day was an extremely difficult task.  The court was also informed that he had worked so hard in the five months he was there that he was universally loved and respected by his boss and fellow employees and risen from a mere custodial job to a cashier and that he had worked his way up the store ladder in a fairly brief period

of time. *Tr. 7-28-03, 17-19.* The evidence also showed that he had gone to the Wheeler Clinic for his drug addiction and had done extraordinarily well. The Government contested this characterization , but the fact that he had no dirty urines and attended all his classes, although expected of him, did set him apart from other defendants who appeared before this court.

When the defendant returned for final sentencing on October 23, 2003, the court heard testimony that during the two years the defendant worked in the basketball league, he affected a lot of children and "changed their lives". *Tr. 10-23-03 at 20*. He was referred to as someone who was "really special". Id. He was not only named Coach of the Year but his little league basketball team won the league championship. Id at 24. The fact that the profound change in the defendant's life that occurred subsequent to the commission of the crime but before sentencing is best summed in the defendant's own words where he stated that he had begun to "see the light". Id.

Additionally, at the time of sentencing, there were unresolved state drug charges. Despite the lengthy sentence that the defendant received from this court, the State of Connecticut chose to impose an additional <u>three year consecutive sentence</u> for those offenses on February 27, 2004. Thus, for the defendant's criminal activities during the period of the conspiracy, he has effectively received a 17 year sentence and not a 14 year sentence. It is also believed that the Bureau of Prisons,

-3-

because of the state detainer, will forever deny the defendant the opportunity to be confined in anything other than medium security.

Some of this information hopefully will be seen by this court as fitting into the category is set forth by §3553(a).  The court is required to consider the defendant's need for "educational or vocational training, medical care, or other correctional treatment in the most effective manner". §3553(a)(2)(d).  The defendant was receiving something akin to "vocational training "through his work at Krispy Kreme, as well as medical insurance, and it is problematic  whether as an inmate in medium security for in excess of ten years he will receive any better training or medical care.

Additionally, the court under the new sentencing regime of §3553(a) is to consider the need to "protect the public from further crimes of the defendant".  A ten year sentence to be followed by three years of the state sentence will more than protect the public from the defendant's crimes.  This court originally felt that 14 years was sufficient.  It is difficult to argue that in light of the defendant's having "seen the light" in his post-criminal activity community service shows that the public is already protected from Curtis Mayo.

Finally, the court is obligated to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct". §3553(a)(6).  The defendant is not certain what sentences were received for all the co-defendants in this case nor does he know whether their

criminal records were "similar".  Based upon anecdotal information, it is believed the defendant received a fairly lengthy sentence compared to others with "similar records".  If this court should agree to resentence the defendant, this information hopefully can be determined at that time.

The defendant realizes that the guidelines are also an important factor for this court to consider.  The defendant feels, however, that a 10 year sentence is appropriate and such a sentence is obviously materially different than the 14 year sentence which this court had imposed.

For all of the above reasons, the defendant respectfully requests that this court make a finding that a non-trivially different sentence would have been imposed had the court known the decisions of the Supreme Court in <u>Booker</u> and the Second Circuit in <u>Crosby</u>, and that this court either set this case down for resentencing and return Mr. Mayo to court or simply impose a sentence of 10 years as requested.

Respectfully submitted,

-5-

                                            DEFENDANT, CURTIS MAYO

By:_____
      Richard S. Cramer
      449 Silas Deane Highway
      Wethersfield, CT 06109
      Tel. (860) 257-3500
      Federal Bar No. ct00016
      Email: cramer@snet.net

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was faxed and mailed via first class mail this 12th day of January 2006 to:

Raymond F. Miller
Assistant U. S. Attorney
P.O. Box 1824
New Haven, CT 06508
Fax (203) 773-5376

_____
Richard S. Cramer

-6-