UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case Nos.  3:02cr256(CFD) |
| | : | 3:02cr257(CFD) |
| | : | |
| v. | : | |
| | : | |
| **CURTIS MAYO a.k.a. "Cupcake"** | : | January 18, 2006 |

**GOVERNMENT'S REPLY TO THE DEFENDANT'S CROSBY BRIEF**

On January 12, 2006, the defendant filed a brief requesting that the court impose a new sentence in light of the holding of the United States Supreme Court in *United States v. Booker*, 125 S. Ct. 738 (2005).  The Government believes that the factors cited by the defendant do not support the imposition of a nontrivially different sentence and requests that the Court affirm the original sentence imposed in this case.

### I.  Procedural History

On February 10, 2003, Curtis Mayo pleaded guilty to Count One of the Indictment in Case Number 3:02cr256(CFD) that charged him with conspiracy to possess with the intent to distribute, and distribution, of 100 grams or more of phencyclidine (hereinafter "PCP") in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).  He also pleaded guilty to Count One of the Indictment in Case Number 3:02cr257(CFD) that charged him with conspiracy to possess with the intent to distribute, and distribution of, 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B).

On October 23, 2003, this Court sentenced the defendant to

168 months of incarceration for conspiring to sell PCP, to run concurrently with the sentence imposed for his conspiracy to sell crack cocaine. On October 29, 2003, the defendant filed a timely notice of appeal.  On March 15, 2004, the defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  The government subsequently responded.

On September 22, 2005, the United States Court of Appeals for the Second Circuit ordered a limited remand in this case in light of the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005), and the Court of Appeals' decision in *United States v. Crosby*, No. 03-1675 (2d Cir. Feb. 2, 2005).  On December 13, 2005, the Court ordered that the parties file briefs on this issue.  The defendant filed his brief or about January 12, 2006.

## II.  Limited Remands in Light of *Booker* and *Crosby*

In *United States v. Booker*, 125 S. Ct. 738, 2005 WL 50108 (2005), the Supreme Court held that the United States Sentencing Guidelines, as written, violate the Sixth Amendment principles articulated in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). The Court determined that a mandatory system in which a sentence is increased based on factual findings by a judge violates the right to trial by jury.  As a remedy, the Court severed and excised the statutory provision making the Guidelines mandatory, 18 U.S.C. § 3553(b)(1), thus declaring the Guidelines

"effectively advisory." *Booker*, 2005 WL 50108, at *16. This ruling results in a system in which the sentencing court, while required to consider the Guidelines, may impose a sentence within the statutory maximum penalty for the offense of conviction. The sentence will be subject to appellate review for "reasonableness." *Id.* at *24.

The Court of Appeals for the Second Circuit has summarized the impact of *Booker* as follows:

> First, the Guidelines are no longer mandatory. Second, the sentencing judge must consider the Guidelines and all of the other factors listed in section 3553(a). *Third, consideration of the Guidelines will normally require determination of the applicable Guidelines range,* or at least identification of the arguably applicable ranges, and consideration of applicable policy statements. *Fourth, the sentencing judge should decide, after considering the Guidelines and all the other factors set forth in section 3553(a), whether (i) to impose the sentence that would have been imposed under the Guidelines, i.e., a sentence within the applicable Guidelines range or within permissible departure authority, or (ii) to impose a non-Guidelines sentence.* Fifth, the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence.

*United States v. Crosby*, No. 03-1675, slip op. at 24-25 (2d Cir. Feb. 2, 2005) (emphasis added). When imposing sentence, a district court must be mindful that "*Booker/Fanfan* and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge." *Id.* at 25. Both the Supreme Court and the Court of Appeals expect "sentencing judges faithfully to discharge their

statutory obligation to 'consider' the Guidelines and all of the other factors listed in section 3553(a), . . . and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice." *Id.*

### III. Discussion

The government agrees that the Court should consider all of the factors cited by the defendant, but believes that such consideration should not result in the imposition of a different sentence. In essence, the defendant reasserts the same arguments he made at the original sentencing hearing; namely that a reduced sentence is warranted because of his pre-sentencing employment, drug counseling and service as a basketball coach. It is undisputed that the defendant gained employment and attended drug counseling after he was arrested in this case. Prior to that, the record in this case made it apparent that this defendant, then a 25 year old man, had almost no work history. Prior to his arrest, he appears to have only ever worked for one five month period. *See* PSR ¶ 87. The standard conditions of a defendant's pre-trial release required that he seek or maintain employment and participate in drug treatment. Thus, the defendant's employment at a retail donut outlet and his attendance at the Wheeler Clinic were pursuant to the conditions of his pre-trial release in this case. Such compliance with the court's

conditions is expected and does not warrant a reduced sentence.

Second, the defendant argues that after the sentencing he received a consecutive state sentence of three years "for the defendant's activities during the period of the conspiracy." Def's Brief at 3. While it is not expressly clear from the memorandum, the defendant appears to refer to state violation of probation charges that were pending as of the federal sentencing date. *See* PSR ¶ 58. Such a sentence represents a independent sanction for a separate offense, namely the violation of the terms of his state probation, and does not counsel for a reduced sentence in the federal case.

Third, the facts presented by the defendant do not warrant a different sentence because they do not distinguish this defendant from others. Section 3553(a) specifically indicates that a sentence should reflect the need to avoid unwarranted sentence disparities among the defendants with similar records who have been found guilty of similar conduct. In this case, the defendant was involved in multiple conspiracies to distribute both PCP and crack in Nelton Court. With respect to the PCP conspiracy, the evidence showed that he was the second most culpable of the Hartford defendants. Other co-defendants, including Steven Hines, Courtney Ashley, Jack Williams, Tyrus Pierce and Rufus Hemingway - - all of whom are less culpable than Mayo with respect to the distribution of PCP in Hartford - -

received sentences ranging from 135-188 months.[1]  Further, unlike these defendants, Mayo was also involved in a conspiracy to distribute crack cocaine in Nelton Court.  The facts cited by the defendant in his brief do not appear to distinguish him from other defendants in a manner that would warrant a reduced sentence.  A sentence of 168 months was - - and is - - appropriate in this case.

### IV.  Conclusion

For the reasons stated above, the Government respectfully requests that the Court reaffirm the sentence previously imposed in this case.

>
> Respectfully submitted,
>
> KEVIN J. O'CONNOR
> UNITED STATES ATTORNEY
>
>  /s/
> RAYMOND F. MILLER
> ASSISTANT U.S. ATTORNEY
> Federal Bar No. CT20451
> 157 Church Street
> New Haven, CT  06510
> Tel.: (203) 821-3700

---

[1] Glenford Parks, the defendant arrested in New York City, received a sentence of 90 months.

## CERTIFICATE OF SERVICE

    I hereby certify that on this 18th day of January, 2006, a true and correct copy of the foregoing Motion was mailed by first-class mail to:

Richard Cramer, Esq.

                                                _/s/_____
                                                Raymond F. Miller
                                                Assistant U.S. Attorney